# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE D. SCHREANE, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-15-1204 |
| v. | : |
| | : (Judge Caputo) |
| ROBERT MARR, *et al.*, | : |
| Defendants | : |

# M E M O R A N D U M

## I.  Introduction

Before the Court is Mr. Schreane's Motion for Reconsideration of the Court's July 20, 2015-Order.  That order denied Mr. Schreane's motion to compel the production of a February 20, 2014 video surveillance tape of him in ambulatory restraints at USP-Lewisburg.  (Doc. 10.)  For the reasons that follow, the Court denies the motion for reconsideration.

## II.  Standard of Review

The Court's July 20, 2015 order was not "final" as the defendants have not yet responded to the Complaint or Amended Complaint.  *See* 28 U.S.C. § 1291; *Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997); *M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D. D.C. 2001).  It was therefore interlocutory. A court may revise an interlocutory order "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418

F. App'x 91, 95 (3d Cir. 2011)(nonprecedential)(quoting *Jerry*). More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result." *Anthanassious*, 418 F. App'x at 95 (quoted case omitted).

**III.    Discussion**

Mr. Schreane's motion for reconsideration presents the Court with no arguments from which the Court can conclude that it should modify is original ruling. Mr. Schreane's motion to compel was denied, without prejudice based on several facts. First, the Court had not yet served the Complaint on the defendants, and second, Mr. Schreane had not demonstrated that defendants had failed to respond to properly served discovery. (Doc. 10.) In his motion for reconsideration, Mr. Schreane argues his requests for the February 2014 videotape via the Bureau of Prison's Administrative Remedy process, as well as the Freedom of Information Act, have been fruitless. (Doc. 13.) Those requests, however, are not within this Court's review. Discovery that takes place within the context of this litigation is subject to this Court's review and enforcement. Since the filing of Mr. Schreane's motion to compel, and his motion for reconsideration, defense counsel has entered an appearance in this matter and has been in contact with him. (Doc. 16.) If defendants fail to properly respond to Mr. Schreane's discovery request, he may file a motion to compel their compliance.

An appropriate order follows.

                                                    **/s/ A. Richard Caputo**
                                                    **A. RICHARD CAPUTO**
                                                    **United States District Judge**

**Date: September 21, 2015**