**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE D. SCHREANE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-15-1204** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **ROBERT MARR,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.     Introduction**

On June 19, 2015, Clarence Schreane, a federal inmate housed at the Lewisburg United States Penitentiary (USP Lewisburg), in Lewisburg, Pennsylvania, filed this *Bivens* styled civil rights action pursuant to 28 U.S.C. § 1331.  (Doc. 1, Compl.)  Mr. Schreane filed an Amended Complaint on September 28, 2015.  (Doc. 15, Am. Compl.)  He claims USP Lewisburg prison and medical officials violated his Eighth Amendment on February 20, 2014, when the used excessive force against him when extracting him from his cell, placing him in ambulatory restraints, and then failed to provide him with sufficient clothing or medical care.  He also asserts he was denied due process at his disciplinary hearing related to the events leading to the cell extraction.

Presently before the court is Mr. Schreane request for appointment of counsel based on his indigent status, placement in a segregated housing unit, alleged inability to conduct discovery due to his incarceration, the complexities of

this case, his lack of legal training and denial of sufficient time in the law library to conduct legal research.  (Doc. 37.)

## II.    Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456 - 57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  *Montgomery*, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Mr. Schreane claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.  Upon successfully clearing this hurdle, the court must examine the following additional factors:  (1) the plaintiff's ability to present his own

case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155 - 57).

Presently Mr. Schreane fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155 - 56. The pleadings submitted by Mr. Schreane so far are clearly written and the legal issues presented are not complex. To the extent that Mr. Schreane request for counsel is based on the fact of his incarceration or lack of legal training, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Recently Mr. Schreane requested, and received, an enlargement of time to respond to the defendants' motion for summary judgment based, in large part, on his alleged failure to exhaust his administrative remedies as to many of the claims raised. Additionally, Mr. Schreane's statement that he is unable to investigate facts related to his claims is unconvincing. He has demonstrated his ability to conduct discovery in this matter. Thus, there is no evidence, at this point in the litigation, that any prejudice will befall Mr. Schreane in the absence of court appointed counsel. Consequently, at this time Mr. Schreane request for counsel will be denied. If future

proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

An appropriate Order follows.

 **/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: January  8   , 2016**