**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARENCE D. SCHREANE,** : | |
| : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-15-1204** |
| v. : | |
| : | **(Judge Caputo)** |
| **ROBERT MARR,** *et al.*, : | |
| : | |
| Defendants : | |

**M E M O R A N D U M**

**I.   Introduction**

Presently before the Court are three related discovery motions: Mr. Schreane's Motion for Discovery (Doc. 41) and a Motion to Compel (Doc. 45); and Defendants' Motion for a Protective Order (Doc. 47) pursuant to Fed. R. Civ. P. 26(c). For the reasons that follow, Mr. Schreanes' motion will be dismissed without prejudice, and the Defendants' motion for a protective order will be granted.

**II.   Background**

On June 19, 2015, Clarence Schreane, a federal inmate formely housed at the Lewisburg United States Penitentiary (USP Lewisburg), in Lewisburg, Pennsylvania, filed this *Bivens* styled civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1, Compl.) Mr. Schreane filed an Amended Complaint on September 28, 2015. (Doc. 15, Am. Compl.)  He claims USP Lewisburg prison and medical officials violated his Eighth Amendment rights on February 20, 2014, when the used excessive force against him

when extracting him from his cell, placing him in ambulatory restraints, and then failed to provide him with sufficient clothing or medical care. He also asserts he was denied due process at his disciplinary hearing related to the events leading to the cell extraction. He also includes a variety of miscellaneous claims related to denial of postage, the denial of a magazine, the issuance of a false incident report and the improper processing of his administrative remedies. (Doc. 15.)

On November 17, 2015, the Defendants filed a motion to dismiss and motion for summary judgment. (Doc. 21.) A supporting brief and statement of material facts were timely filed. (Docs. 31 and 32.) In part, defendants argue that Mr. Schreane violated Federal Rule of Civil Procedure 20 by joining unrelated actions and defendants in a single action; failed to administratively exhaust numerous of his claims; failed to allege the personal involvement of Defendant Olshesky; and that his claims related to his placement in restraints on February 20, 2015 and the related disciplinary hearing are barred by the federal termination rule. (Doc. 31.) Finally, defendants allege Mr. Schreane has fails to establish a claim of retaliation. (*Id*.) Mr. Schreane filed his opposition brief and materials on February 1, 2016. (Docs. 41 - 44.) He then filed a "motion" for discovery and a related motion to compel. *See* Docs. 41 and 45. Defendants then filed their motion for a protective order based on their pending motion to dismiss and motion for summary judgment. (Doc. 47.) Mr. Schreane has responded to defendants' motion for a protective order. (Doc. 50.) He argues that without access to discovery he will not be able "to establish the truth, this discovery is vital to Plaintiff

Schreane do not have ay other means to conduct a (sic) investigation". (*Id.*, ECF p. 2.)

**III.   Discussion**

"A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Motions to dismiss "should typically be resolved before discovery begins." *Levey v. Brownstone Inv. Group, LLC*, No. 13-3251, 2014 WL 5369394, *4 (3d Cir. Oct. 23, 2014).

Mr. Schreane is under the impression that if the motion for protective order is granted Defendants would not be required to respond to his discovery request. This is not so. The granting of the protective order only delays Defendants' obligation to respond to his discovery. If any portion of Defendants motion to dismiss and motion for summary judgment is granted, it would narrow the scope of discovery. Defendants argue that several of Mr. Schreane's claims are unexhausted, or otherwise subject to dismissal based on established law. A more in depth presentation of facts is necessary when addressing a motion for summary judgment and preparing one's case for trial. Additionally, Mr. Schreane does not argue in his brief in opposition to defendants' potentially dispositive motion that his ability to respond to the motion due to his lack of the requested discovery. *See* Doc. 44. At this point, a stay of discovery is proper as the likelihood of the motion to dismiss and motion for summary judgment may result in a narrowing or outright elimination of discovery against these defendants which

outweighs any likely harm from the issuance of the protective order. Again, defendants' obligation to respond to discovery in this matter is not completely eliminated, just delayed.

An appropriate Order follows.

                                                **/s/ A. Richard Caputo**
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**

**Date: April 26, 2016**