**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARENCE D. SCHREANE,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-15-1204** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **ROBERT MARR,** *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

On June 19, 2015, Clarence Schreane, a federal inmate housed at the Lewisburg United States Penitentiary (USP Lewisburg), in Lewisburg, Pennsylvania, filed this *Bivens* styled civil rights action pursuant to 28 U.S.C. § 1331.[1] (ECF No. 1, Compl.) Mr. Schreane combines several distinct claims in his Complaint which range from interference with his receipt of magazines, denial of indigent legal postage, issuance of a retaliatory incident report on February 20, 2014, and denial of medical care while in ambulatory restraints for seven hours. Finally, he claims he was denied due process at his disciplinary hearing related to the events that lead to the cell extraction. (*Id.*)

Presently before the court are Mr. Schreane's second (ECF No. 61) and third (ECF No. 64) requests for appointment of counsel based on his indigent status,

---

[1] Mr. Schreane is currently housed at USP-Florence (High), in Florence, CO. (ECF No. 68.)

placement in a segregated housing unit, alleged inability to conduct discovery due to his incarceration, the complexities of this case, and his lack of legal training. He specifically notes that without assistance of counsel he will be unable to obtain polygraphs of the defendants or the video tape of his February 20, 2014 cell extraction. He believes both are needed to prove whether his or the Defendants' version of the facts as to his various claims are credible. (ECF No. 63.)

**II.     Discussion**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011), district courts have authority to "request" *pro bono* counsel represent an indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Court's appointment of counsel is discretionary and must be assessed on a case-by-case basis. *Tabron*, 6 F.3d at 157 - 58. Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Montgomery*, 294 F.3d at 498.

The United States Court of Appeals for the Third Circuit, has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). But no part of the discussion in *Smith-Bey* of circumstances

warranting appointment of counsel should be interpreted to mean that "appointment is permissible *only* in exceptional circumstances and that, in the absence of such circumstances, the court has no discretion to appoint counsel." *Tabron*, 6 F.3d at 155 (emphasis in the original).

The initial determination to be made by a court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499.  Upon successfully clearing this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155 - 57).  The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

The Court previously considered Mr. Schreane's request for counsel and determined that he had failed to set forth any special circumstances warranting the appointment of counsel. (ECF No. 40.) The Court specifically found that, despite his incarceration, investigation of the facts is not beyond his capabilities, he is familiar with the facts of his case, and he demonstrates the ability to present comprehensible arguments and to present his own case. (ECF No. 39.)

In his present motions for counsel, Mr. Schreane has not demonstrated any need for the Court to reconsider the January 8, 2016 Memorandum and Order.  First,

it is noteworthy that both of Mr. Schreane's recent motions for counsel were filed *after* he filed his opposition to Defendants' pending motion to dismiss and motion for summary judgment.  Second, in his opposition materials, Mr. Schreane never alleges that he is unable to respond to Defendants' potentially dispositive motion without receipt of the specific discovery he seeks appointed counsel to obtain for him; i.e. polygraphs of various Defendants or the video footage of his February 2014 cell extraction.  Finally, the Court notes that in his materials in opposition to the Defendants' motion to dismiss and motion for summary judgment, Mr. Schreane states that "as a matter of record, [he is] a litigator" who "stud[ies] the law," and "has filed over 600 admin[istrative] remedies, and ha[s] filed numerous civil actions within the court." (ECF No. 44, p. 6.)  He has the ability to learn "and has continue[d] to challenge his ability to learn" while in prison.  (*Id*.)  Clearly, Mr. Schreane does not lack the necessary communication or research skills to represent himself in this matter.

Based on the foregoing, Mr. Schreane's second and third requests for appointment of counsel will be denied.

An appropriate Order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date:  March 30, 2017**